**Paul KOZIEL, Plaintiff–Appellant,**

v.

**CITY COURT OF YONKERS, et al., Defendants–Appellees.**

No. 07–5119–cv.

United States Court of Appeals, Second Circuit.

Oct. 13, 2009.

Paul Koziel, Yonkers, NY, pro se.

PRESENT: ROSEMARY S. POOLER, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Plaintiff–Appellant Paul Koziel, *pro se*, appeals from the judgment of the United

---

States District Court for the Southern District of New York (Preska, Acting C.J.), *sua sponte* dismissing his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), and Federal Rule of Civil Procedure 12(h)(3). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's *sua sponte* dismissal of the complaint under § 1915(e) for failure to state a claim and asserting claims against defendants immune from suit. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). We also review *de novo* the district court's dismissal of Appellant's action for lack of subject matter jurisdiction. *See S.E.C. v. Berger,* 322 F.3d 187, 191 (2d Cir.2003).

Under the *Rooker–Feldman* doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Appellant's complaint satisfies all four criteria for the application of the *Rooker–Feldman* doctrine: (1) Appellant was found liable for parking violations in a state court and ordered to pay a fine; (2) he complains of the injury caused by the state court judgment; (3) the state court determination was rendered before this action was commenced; and (4) Appellant seeks to have that judgment vacated, requesting on appeal that "the whole case is thrown out or that the parking bureau rehears it with competent counsel representing [Appellant]." Insofar as Appellant seeks to challenge the state procedures for appealing a decision as violating his due process rights, that claim is inextricably intertwined with the judgment of the state court. *See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 86–87 (2d Cir. 2005) (citation omitted)(*"Rooker-Feldman* bars a federal claim, whether or not raised in state court, that asserts injury based on a state judgment and seeks review and reversal of that judgment; such a claim is 'inextricably intertwined' with the state judgment.").

Moreover, we note that the district court properly found that Appellant's complaint did not, in any event, state a claim for a violation of a statutory or constitutional right. Although we disfavor *sua sponte* dismissals without giving *pro se* litigants an opportunity to amend, *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), we find no possibility in this case that even an amended complaint would succeed in stating a valid claim.

We have considered all of Appellant's remaining arguments on appeal and find them to be without merit.

Accordingly, there is no basis on which to challenge the judgment of the district court, and it is hereby **AFFIRMED.**